*CALDWELL vs. BENEDICT & AL.*

Fraud will not be inferred from slight presumpitons.

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. The plaintiff sold to Fisher, Burke & Watson, about three weeks before they stopped payment, one hundred and eighteen hogsheads of sugar, payable one-fourth cash, and the balance in 60 days. The sugar

was delivered to the defendant Benedict, who shipped it in his own name, through Whitall, Jaudon & Co. of this city, to A. P. Jaudon & Co. of Philadelphia. Whitall, Jaudon & Co. made large advances on it, which were handed over by Benedict, to Fisher, Burke & Watson.

The petition charges, that Fisher, Burke & Watson, were insolvent at the time the sugar was sold. That the fact was known to Benedict, that the sale made to him was collusive, and with an intention of defrauding the petitioner and the other creditors of Fisher, Burke & Watson. The petition prays, after a cancelling of the sale, a return of the sugar, or payment for the balance due thereon, with interest and costs.

The court below gave judgment for the defendants, the judge declaring he could see nothing fraudulent in the transaction. The plaintiff appealed.

The shipment of the sugar in the name of Benedict, the receipt of the money by him, and its immediate payment to Fisher, Burke & Watson, give to the transaction a very awkward appearance. It is certainly not in the usual course of trade, and no satisfactory

explanation has been given of the motive for using Benedict's name, but with the court below, we cannot see in this circumstance alone, sufficient evidence of fraud to authorise judgment against him. It is proved, that at the time of the sale, and for some weeks after, the house of Fisher, Burke & Watson were solvent, and considered so. The cause of their stopping payment, was intelligence received here seventeen days after they bought the sugar, of the failure of a house in Philadelphia, which was largely indebted to them. The money received, was handed over by the appellee, to Fisher, Burke & Watson; he appears in no manner to have made any gain by the transaction. Nor is it at all proved, either the firm to whom he lent his name, were insolvent at the time he shipped the sugar, or that if they were, he had the slightest notice of it.

We thought, on first inspecting the record, that the court below had erred in not giving judgment against Fisher, Burke & Watson, for the balance due for the price of the sugar. But we perceive that the defendants pleaded separately, and that the issue between the plaintiff and Benedict was alone tried.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs.

*Hennen & Maybin* for plaintiff, *Morse* for defendant.